FILED
DEC 03 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| W.A. MACGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-02095 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 12/3/2015 |
| TRAVELERS INDEMNITY COMPANY, ) | Description: Pro Se Gen. Civil (F Deck) |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff purports to bring a civil rights action under 42 U.S.C. § 1983 against Travelers Indemnity Company, *see* Am. Compl. ¶ 1, for events dating back to 1984, *see id.* ¶ 4, including plaintiff's criminal conviction in 1986 which allegedly came about without a grand jury indictment, *see id.* ¶¶ 5, 8-11. According to plaintiff, "Travelers and others have made unceasing war against [him] in furtherance of a common design, intent and purpose to suppress speech about the bizarre ordeal one of [his] clients endured in . . . Florida, when the awful instruments of the criminal law were turned against her without any suspicion or probable cause whatsoever." *Id.* ¶ 4. He further alleges that "Travelers' part in the conspiracy" is to represent to the courts that plaintiff "was convicted of felony violations of the Florida statutes in Leon [C]ounty, Florida Circuit Court in 1986 for having threatened to murder then Governor of Florida Bob Daniel Graham with intent to corrupt him." *Id.* ¶ 5; *see id.* ¶¶ 6-15. He demands an order enjoining

Travelers from "claiming . . ., either directly or by counsel, that . . . [plaintiff] was convicted of the crime of threatening Bob Graham with intent to corrupt him," and "a new and a fair hearing on [his] claim that the Florida State Attorney wants territorial jurisdiction to punish [him] but his does not have it." *Id.* at 8 (page number designated by the Court).

The Court lacks subject matter jurisdiction to entertain a complaint that is "'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Plaintiff's complaint meets this standard. It is apparent that plaintiff indeed has been convicted of crimes in the Florida courts, *see, e.g., The Florida Bar v. MacGuire*, 529 S.2d 669, 669 (Fla. 1988) ("William MacGuire pled nolo contendere and was found guilty on August 8, 1986 of violating sections 838.021 and 836.10, Florida Statutes (1985), for making verbal and written threats to kill the then-Governor of Florida, Bob Graham.") (per curiam), and this Court has no authority to review the rulings of the Florida courts, *see, e.g., MacGuire v. Street*, 1 F.3d 1233 (4th Cir. 1993) (per curiam) ("Because federal courts are without jurisdiction to review the final judgment of a state court in a particular case, MacGuire's complaint was properly dismissed.").

An Order accompanies this Memorandum Opinion.

DATE: November 13, 2015

Reggie B. Walton
United States District Judge